# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

JENNIFER HALL and ) 
ADAM HALL, ) 
      ) 
         Plaintiffs, ) 
vs. )    NO. CIV-16-1101-HE 
      ) 
CHANG SOO KANG, ) 
SKYVIEW FARMS, INC., and ) 
SKYVIEW TRANSPORTATION, INC. ) 
      ) 
         Defendants. ) 

## ORDER

Plaintiffs Jennifer and Adam Hall filed this case in state court, asserting negligence claims against defendants Skyview Farms, Inc. ("SFI"), Skyview Transportation, Inc. ("STI"), and Chang Soo King. The case was removed to this court. Defendants SFI and STI have now moved for partial summary judgment [Docs. #26 & #27].[1] Those motions are now at issue.

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). Material facts are those which "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. To determine whether this standard is met, the court views the

---

[1] Defendant STI has both joined with SFI in its motion, and has filed a separate motion of its own. Leave of court to do so was not obtained. See L.Cv.R. 56.1(a).

evidence in the light most favorable to the non-moving party.  <u>Estate of Booker v.  Gomez</u>, 745 F.3d 405, 411 (10th Cir. 2014).   "[T]he plain language of Rule 56(c) mandates entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial"  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986).

## Background

This case arises out of a 2014 motor vehicle collision between a vehicle driven by plaintiff Jennifer Hall and a tractor-trailer driven by defendant Kang.  The tractor-trailer was owned by SFI and it is undisputed that Kang was SFI's agent, acting within the scope of his employment, at the time of the accident.  SFI is an interstate motor carrier which was incorporated in 1975.  STI is a freight broker which was incorporated in 2003.  The two companies share the same corporate officers, corporate directors, and business address.  Plaintiff has offered evidence that the signage at the corporate address does not distinguish between the two companies, and lists a single phone number.  One employee of SFI has an email address with the domain name @skyviewtrans.com.

## STI's Motion for Summary Judgment.

Plaintiffs have asserted claims against STI on multiple theories.  One theory is that STI is the alter-ego of SFI and is therefore liable for SFI's acts or omissions.  STI's separate motion is directed to that issue, arguing there is no basis for treating it as the alter ego of SFI.

Under Oklahoma law,[2] corporations are generally "distinct legal entit[ies] separate and apart from other legal entities." Gulf Oil Corp. v. State, 360 P.2d 933, 936 (Okla. 1961). However, if it is established that "the separate corporate existence is a design or scheme to perpetrate fraud, or . . . one corporation is so organized and controlled and its affairs so conducted that it is merely an instrumentality or adjunct of another corporation," the distinct identities can be disregarded and both entities can be treated as one. *Id.* Plaintiffs do not suggest that the defendant entities involve some scheme to defraud, but rather argue they are structured and operated other than as separate entities.

Whether entities are separate turns primarily on control. Oklahoma law identifies nine factors to consider when analyzing an alter-ego claim:

> 1) whether the dominant corporation owns or subscribes to all the subservient corporation's stock, (2) whether the dominant and subservient corporations have common directors and officers, (3) whether the dominant corporation provides financing to the subservient corporation, (4) whether the subservient corporation is grossly undercapitalized, (5) whether the dominant corporation pays the salaries, expenses or losses of the subservient corporation, (6) whether most of the subservient corporation's business is with the dominant corporation or the subservient corporation's assets were conveyed from the dominant corporation, (7) whether the dominant corporation refers to the subservient corporation as a division or department, (8) whether the subservient corporation's officers or directors follow the dominant corporation's directions, and (9) whether the corporations observe the legal formalities for keeping the entities separate.

Gilbert v. Security Finance Corp. of Okla., Inc., 152 P.3d 165, 175 (Okla. 2006).

This analysis is a fact-intensive one, and requires inquiry into the structure and operations of the involved entities. Here, STI has declined to participate in meaningful

---

[2] *Both parties analyze the alter ego claim based on Oklahoma law.*

3

discovery as to those issues, maintaining that it is not a proper party to the suit and that SFI's responses to the same discovery sufficiently describe the parties' relationship. STI relies on an affidavit in which a director of both entities states that SFI and STI do not retain any ownership interest in each other. Plaintiffs have responded, by an affidavit of counsel pursuant to Fed.R.Civ.P. 56(d), that they cannot adequately respond to defendant's motion without further discovery.

The court concludes plaintiffs' reliance on Rule 56(d) is appropriate in the circumstances existing here. The complaint plausibly alleges a potential basis for concluding that an alter ego relationship exists. It is undisputed that at least some of the elements relevant to that determination—common officers, common facilities, coordinated operations, and the like—are present here. Against that backdrop, it is unreasonable to expect plaintiffs to simply accept, without discovery or further inquiry, defendants' assurances as to the nature of the relationship.

STI's motion is premature and will be denied.

### SFI and STI's Joint Motion for Partial Summary Judgment.

SFI and STI argue they are entitled to judgment on plaintiffs' negligent hiring, training, supervising, and retention claims against them based on <u>Jordan v. Cates</u>, 935 P.2d 289 (Okla. 1997). In <u>Jordan</u>, the Oklahoma Supreme Court affirmed summary judgment in favor of the defendant employer on claims for negligent hiring and retention, where the employer had stipulated that the employee was acting in the course and scope of his employment at the time of the tortious act. The Court concluded that, as the employer's liability had been established by the stipulation and application of the *respondeat superior*

doctrine, recovery on any other theory would be "unnecessary and superfluous." 935 P.2d at 293. Here, SFI has stipulated that Mr. Kang was acting within the course and scope of his employment with SFI. Therefore, defendants argue the direct negligence claims against them are precluded under Jordan.

Plaintiffs argue Jordan should not control here. First, they contend Jordan does not apply to STI, as the stipulation is only that Mr. Kang was acting within the scope of his employment with SFI, not STI. However, to the extent that plaintiffs' claims against STI are based on an alter ego theory—and that is all the current motions reach—they seek to impose liability on STI for conduct which would otherwise be attributable only to SFI.[3] So if SFI is not liable based on Jordan, then neither is STI, its alleged alter ego.

Plaintiffs also argue that the Federal Motor Carrier Safety Regulations (FMCSR) have preempted Jordan's holding. "Federal law preempts state law explicitly if the language of the federal statute reveals an express congressional intent to do so." U.S. v. City of Denver, 100 F.3d 1509, 1512 (10th Cir. 1996). If there is no such language, the state's law can still be implicitly preempted if (1) the federal regulatory scheme "is so pervasive that Congress must have intended to leave no room for states to supplement it," or (2) if it is "impossible to comply with both federal and state laws, or the state law stands as an obstacle to the accomplishment of Congress's objectives. *Id*. None of those situations exist here.

---

[3] *As noted above, plaintiffs also assert claims based agency/joint venture and negligent brokering. STI's motion does not address those claims. Doc. #33 at 8.*

Jordan does not conflict with the FMCSRs, as it does not impose any additional duties on a carrier beyond those required by federal law nor does it relieve any motor carrier of its obligation to follow the FMCSRs. Whatever enforcement mechanisms existed as to the FMCSRs continue to be applicable regardless of Jordan. Those mechanisms do not appear to include a private right of action by persons situated like plaintiffs, and the weight of authority suggests that Congress did not intend to authorize a private right of action based on claimed violations of the FMCSRs. *See* Mason v. Dunn, No. CIV-14-282-KEW, 2015 WL 5690746, at *3 (E.D. Okla. Sept. 28, 2915) (Motor Carrier Saftey Act and FMCSR do "not create a private right of action for personal injuries); *see also* Oliver v. Soto, No. CIV-15-1106-R, 2016 WL 815343 at *2 (W.D. Okla. Feb. 29, 2016). If Congress has not authorized a private right of action based on the FMCSRs or the Motor Carrier Safety Act, then it is difficult to see how Oklahoma's decision to not recognize a particular state law claim in similar circumstances can be said to be inconsistent with federal law. Indeed, plaintiffs' argument more or less contorts the preemption concept from one which limits what a state law can do into one which affirmatively requires the state to recognize a particular type of claim. That approach turns the preemption analysis on its head. In any event, it is not a basis for limiting the application of Jordan if it otherwise applies.

Plaintiffs also point to cases from other jurisdictions which have rejected the rule set out in Jordan, but it is unnecessary to consider them here. No doubt there are different approaches to the liability questions presented by a Jordan-type situation and different states may treat it in different ways. But this court's job is not to address the issue in the first instance or to adopt the rule it finds most desirable. Rather, this court's task is to apply

Oklahoma law as determined by the courts of Oklahoma, including <u>Jordan</u>. And the judges of this court have generally concluded that <u>Jordan</u> precludes claims for negligent hiring, training, supervision, and retention when the defendant employer stipulates that the employee acted within the scope of employment.[4] *See e.g.* <u>Barnes v. W. Express, Inc.</u>, No. CIV-14-1574-R, 2015 WL 2131353 (W.D. Okla. May 2015); <u>Guerrero v. Meadows</u>, No. CIV-14-0537-F, 2014 WL 10962065 at *3-4 (W.D. Okla. Oct. 15, 2014); <u>Chamberlain v. Thomas</u>, No. CIV-11-1430-HE, 2012 WL 4355908 (W.D. Okla. Sept. 24, 2012). Plaintiffs have not presented any persuasive argument as to why this case should be decided any differently.

As SFI stipulated that Mr. Kang was acting within the course and scope of his employment at the time of the accident, plaintiffs' claims for negligent hiring, training, supervising, or retention against SFI and STI are precluded by <u>Jordan</u>. Their motion for partial summary judgment will be granted as to those claims.

## <u>Conclusion</u>

For the reasons stated above, defendants' motion directed to the negligent hiring, training, supervising, and retention claims against them [Doc. #26] is **GRANTED**, and summary judgment will be entered in their favor as to those claims. STI's motion directed to the alter ego theory [Doc. #27] is **DENIED**.

**IT IS SO ORDERED.**

---

[4] *Claims for negligent entrustment are arguably subject to a different rule. See <u>Warner v. Miller</u>, No. CIV-16-305-HE (W.D. Okla. Feb. 10, 2017). However, defendants' motion explicitly does <u>not</u> seek judgment as to any negligent entrustment claim.*

Dated this 1st day of June, 2017.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE